IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CODY GRAHAM,

        Plaintiff,

v.                            CIVIL ACTION NO. 2:22-cv-00541

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff Cody Graham's Motion for Appointment of Guardian Ad Litem for Incarcerated Individual, [ECF No. 12], and Motion to Extend Time to Make Service, [ECF No. 16]. For the reasons stated herein, the motions are **GRANTED**.

I. Background

On July 14, 2022, Mr. Graham filed a Complaint against the Defendants in the Kanawha County Circuit Court, alleging that Corporals Hendrix and Hayhurst used excessive force against him and that the West Virginia Division of Corrections and Rehabilitation ("WVDCR") is vicariously liable for the officers' conduct. [ECF No. 1-1, ¶¶ 3, 20]. Mr. Graham served WVDCR on November 3, 2022. [ECF No. 1, ¶ 1]. WVDCR removed the case to this court on November 28, 2022, based on federal

question jurisdiction. *Id.* ¶ 3. On December 22, 2022, Corporal Hendrix filed a waiver of service. [ECF No. 11]. Accordingly, only Corporal Hayhurst has not been served.

On January 6, 2023, Mr. Graham filed a Motion for Appointment of Guardian Ad Litem for Incarcerated Individual. [ECF No. 12]. In his motion, Mr. Graham states that Corporal Hayhurst is currently incarcerated as "a pretrial felon." *Id.* ¶ 2. Mr. Graham requests that the court "appoint a guardian ad litem on behalf of . . . Corporal . . . Hayhurst, in order to properly serve the defendant and protect the defendant's interests." *Id.* at 1. Additionally, Mr. Graham seeks an extension of time to serve Corporal Hayhurst, as Corporal Hayhurst "cannot [currently] be served while incarcerated [without] an appointed . . . guardian." [ECF No. 16, ¶¶ 5–6].

## II. Relevant Law

Federal Rule of Civil Procedure 4(g) provides that "an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made." To determine whether an individual has the "[c]apacity to sue or be sued," the court must apply "the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

In the State of West Virginia, an incarcerated person does not have the capacity to consent to service. *See* W. Va. R. Civ. P. 17(c). Thus, to properly serve an incarcerated person, a plaintiff must "deliver[] a copy of the summons and complaint to th[e] [incarcerated] person's committee, guardian, or like fiduciary resident in the State; or, if there be no such committee, guardian, or like fiduciary, or if the

committee, guardian, or like fiduciary is a plaintiff, service of process shall be made upon a guardian ad litem appointed under Rule 17(c)." W. Va. R. Civ. P. 4(d)(4).

West Virginia Rule of Civil Procedure 17(c) provides:

> Whenever an infant, incompetent person, or convict had a representative, such as a general guardian, curator, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant, incompetent person, or convict. An infant, incompetent person, or convict who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict not otherwise represented in an action, or shall make such other order as it deems proper for the protection of the infant, incompetent person, or convict. A guardian ad litem is deemed a party for purposes of service; failure to serve a guardian ad litem is deemed a party for purposes of service; failure to serve a guardian ad litem in circumstances where service upon a party is required constitutes failure to serve a party.

### III. Discussion

In the instant case, Corporal Hayhurst appears to be a domiciliary[1] of West Virginia, as prior to his arrest, Corporal Hayhurst was employed by WVDCR as a correctional officer in Mount Olive, West Virginia, and he resided in Nicholas County,

---

[1] An individual is domiciled in the state where he or she is living with the intent to remain indefinitely. *Bowles v. Lowe's Home Ctrs., LLC*, No. 2:14-cv-30524, 2015 WL 13049455, at *3 (S.D.W. Va. Apr. 17, 2015) (citing *Vandevander v. Jimenez*, No. 3:11-CV-85, 2011 WL 13240040, at *2 (N.D.W. Va. Dec. 5, 2011)). "Factors to be considered by the court in determining a party's domicile include the party's current residence, his place of employment or business, and the state issuing his driver's license and automobile registration." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 U.S. Dist. LEXIS 140554, at *6 (E.D.N.C. Apr. 10, 2008) (citing *Phillips v. Packard*, No. 3:07-cv-300, 2007 U.S. Dist. LEXIS 62517, at *6 (E.D. Va. Aug. 24, 2007)).

West Virginia. [ECF No. 1-1, ¶ 3; ECF No. 12-2, at 4]. As such, West Virginia law determines whether Corporal Hayhurst has the capacity to be sued.

According to WVDCR's Inmate Search, Corporal Hayhurst has been incarcerated at South Central Regional Jail in Charleston, West Virginia, since July 19, 2022. *Inmate Search*, W. Va. Div. of Corr. & Rehab., https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender (last name "Hayhurst," first name "Dylan") (last visited Jan. 10, 2023). He is being held without bond. *Id.* Under West Virginia law, an incarcerated person lacks the capacity to consent to service of process. *See* W. Va. R. Civ. P. 17(c). In order for a plaintiff to serve an incarcerated individual, the court must appoint a guardian ad litem, who "is deemed a party for purposes of service." *Id.* Therefore, I shall appoint a guardian ad litem for Corporal Hayhurst for the limited purpose of effecting service on him.

It is hereby **ORDERED** that **Denali S. Hedrick** is appointed as guardian ad litem for Corporal Hayhurst for the limited purpose of effecting service on him. Ms. Hedrick is **DIRECTED** to deliver a copy of the documents served on her to Corporal Hayhurst and then promptly notify the court that she has done so. The notification must be accompanied by a writing signed by Corporal Hayhurst as to whether he intends to engage counsel to represent him in the instant action.

Furthermore, I find that good cause exists pursuant to Federal Rule of Civil Procedure 4(m) to extend the time limit for service on Corporal Hayhurst. Mr. Graham has sixty (60) days from the entry of this Memorandum Opinion and Order to effectuate service on Corporal Hayhurst.

## IV. Conclusion

For the foregoing reasons, the court **GRANTS** Mr. Graham's Motion for Appointment of Guardian Ad Litem for Incarcerated Individual, [ECF No. 12], and Motion for to Extend Time to Make Service, [ECF No. 16]. Denali S. Hedrick is appointed as guardian ad litem for the limited purpose of effecting service on Corporal Hayhurst. Mr. Graham shall have sixty (60) days from the entry of this Memorandum Opinion and Order in which to effectuate service on Corporal Hayhurst.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to send a copy of this Order to the guardian ad litem who, by entry of this Order, has been appointed in this matter:

> Denali S. Hedrick
> Bailey & Glasser, LLP
> 209 Capitol Street
> Charleston, WV 25301

ENTER: January 12, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE